### GARDINER NATIONAL BANK *vs.* SARAH HAGAR.

#### Kennebec, 1875.—May 13, 1876.

*Fraudulent conveyances.*

H. S. H., who was indebted to his father's estate in an amount far exceeding his means of payment, and otherwise owing large sums, on the day before his decease and in contemplation thereof, transferred by conveyances absolute in form all his real and personal property to his mother the administratrix, and she accepted the transfer. In an action against her for delaying and hindering creditors, *held*, that the jury would not have been justified in finding a fraudulent and unlawful motive for an act which it was so manifestly the duty of the defendant to perform.

ON EXCEPTIONS.

CASE under R. S., c. 113, § 51, for hindering and delaying creditors, alleging that on March 6, 1868, one Henry S. Hagar, being indebted to the plaintiffs in the sum of $4,388.38, and possessed of real and personal estate, of the value of $20,000, with the fraudulent intent, &c., transferred it all to the defendant without adequate or valid consideration, and that she participated in the fraud.

The defendant was administratrix of the estate of her husband, Marshall S. Hagar. Henry S. Hagar, their son, was largely

indebted to the estate, the evidence tending to show, to nearly the amount of $100,000. He was also largely indebted to these plaintiffs and others. The day before his death he transferred by conveyances absolute in form all his real and personal property to the defendant, in consideration of his indebtedness to her, and she accepted the conveyances and caused them to be recorded.

When the plaintiff stopped, the foregoing facts appearing, the presiding justice ordered a nonsuit. To this order the plaintiff excepted.

*L. Clay*, for the plaintiff.

Whether conveyances are made and accepted to hinder or delay creditors, is a question of fact for the jury. *Hall* v. *Sands*, 52 Maine, 355.

Whether the grantee derives from the conveyance any benefit or not, if she took it to keep the property from seizure upon execution, she is liable under the statute. *Aiken* v. *Kilburne*, 27 Maine, 252.

The object of the statute is to afford a remedy against any one to whom the property of his debtor has been transferred for the purpose of securing it from creditors and from seizure upon execution. *Spaulding* v. *Fisher*, 57 Maine, 411.

By accepting the deed and bills of sale and putting them on record, she became liable in the same manner as though she had actually participated in the transfer in its inception. *Bank* v. *Cutler*, 49 Maine, 315.

Facts and circumstances clearly indicating an intention on the part of both vendor and vendee to place the property beyond the reach of legal process, constitute legal fraud. *Wheelden* v. *Wilson*, 44 Maine, 11.

The giving of a bill of sale absolute on its face, but intended for collateral security only, though not conclusive, is a circumstance tending to prove fraud. *Emmons* v. *Bradley*, 56 Maine, 333. The debtor notoriously and deeply insolvent conveys all his attachable property without adequate consideration. These circumstances are recognized badges of fraud. *Gunn et al.* v. *Butler*, 18 Pick., 248. *Rollins* v. *Mooers*, 25 Maine, 192.

*E. F. Pillsbury*, for the defendant.

As no testimony was introduced except by the plaintiffs, the nonsuit was properly ordered unless the evidence would authorize a jury to find a verdict for the plaintiff. *Sanford* v. *Emery*, 2 Maine, 5. *Perley* v. *Little*, 3 Maine, 97. *Pray* v. *Garcelon*, 17 Maine, 145. *Head* v. *Sleeper*, 20 Maine, 314. *Lyon* v. *Sibley*, 32 Maine, 576.

A creditor may lawfully take payment from his debtor of his own demand, although he knows that the debtor intends thereby to defraud other creditors. *Gray* v. *St. John*, 35 Ill., 222. *Hessing* v. *McCloskey*, 37 Ill., 341.

A debtor in failing circumstances has an undoubted right to prefer any creditor, as well a parent or other near relative as a stranger; and if the debt were *bona fide* due, the strongest considerations of duty may prompt a son to prefer the claim of a widowed mother over the claims of mere strangers. *Coley* v. *Coley*, 1 McCarter, (N. J.,) 350.

*J. Baker*, for the plaintiffs, replied and argued at length upon the badges of fraud.

WALTON, J. The court is of opinion that the nonsuit ordered in this case must be confirmed. It is true, as the learned counsel for the plaintiff contends, that the evidence discloses some of the usual badges of fraud which attend conveyances made for the purpos of hindering and delaying creditors. But the court is of opinion that these *indicia* of fraud are entirely neutralized by the fact that Henry S. Hagar was so largely indebted to his father's estate, and that it was his mother's duty as administratrix, to secure as much of that indebtedness as her son was able and willing to pay; that the jury would not have been justified in finding a fradulent and unlawful motive for an act which it was so manifestly the duty of the defendant to perform. *Exceptions overruled.*
*Nonsuit confirmed.*

APPLETON, C. J., DICKERSON, BARROWS and PETERS, JJ., concurred.

DANFORTH, J., being interested, and LIBBEY, J., having been of counsel, did not sit.